Deutsche Bank Natl. Trust Co. v Roberts (2026 NY Slip Op 01124)

Deutsche Bank Natl. Trust Co. v Roberts

2026 NY Slip Op 01124

Decided on February 26, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 26, 2026

Before: Kennedy, J.P., Scarpulla, Kapnick, González, Rodriguez, JJ. 

Index No. 850465/23|Appeal No. 5931|Case No. 2025-01074|

[*1]Deutsche Bank National Trust Company etc., Plaintiff-Appellant,
vKenneth Roberts Also Known as Kenneth J. Roberts etc., et al., Defendants-Respondents, Board of Managers of Trump Tower Condominium, et al., Defendants.

Hinshaw & Culbertson LLP, New York (Dana B. Briganti of counsel), for appellant.
Rosenberg Fortuna & Laitman, LLP, Garden City (Christopher Villanti of counsel), for respondents.

Order, Supreme Court, New York County (Francis A. Kahn, III, J.), entered on or about February 7, 2025, which, to the extent appealed from as limited by the briefs, granted the motion of defendants John J. Reddy, Jr., as Administrator c.t.a. of the Estate of defendant Kenneth Roberts a/k/a Kenneth J. Roberts, and 721 5455B Condo, LLC, pursuant to CPLR 3211(a)(5) to dismiss the complaint, unanimously affirmed, without costs.
Supreme Court properly found that plaintiff's foreclosure action was time-barred. Plaintiff commenced a foreclosure action on May 20, 2009. Paragraph 9 of the complaint stated that plaintiff "elects herein to call due the entire amount secured by the mortgage(s)." This action, which seeks to foreclose on the same consolidated mortgage, was brought on July 27, 2023, well beyond the six-year limitation period (CPLR 213[4]).
The loan was not de-accelerated by plaintiff's voluntary discontinuance in 2011 of the 2009 action. CPLR 3217(e), enacted on December 30, 2022, as part of the Foreclosure Abuse Prevention Act ([FAPA], L 2022, ch 821, § 8), provides that the voluntary discontinuance of such an action "shall not, in form or effect, waive, postpone, cancel, toll, extend, revive or reset the limitations period to commence an action."
Plaintiff's argument that FAPA should not be applied retroactively to render the 2011 voluntary discontinuance of the 2009 action ineffective to reset the statute of limitation period was conclusively rejected by the Court of Appeals in Article 13 LLC v Ponce De Leon Federal Bank ( — NY3d —, 2025 NY Slip Op 06536 [2025]; see Genovese v Nationstar Mtge. LLC, 223 AD3d 37, 45 [1st Dept 2023]).
Plaintiff's constitutional arguments are also foreclosed. The Court of Appeals has determined that retroactive application of FAPA does not violate either substantive or procedural due process (Article 13 LLC, 2025 NY Slip Op 06536, *4-5). Nor, as this Court has determined, does FAPA's retroactive application effect an unconstitutional taking by permanently depriving plaintiff's lien of all value (see Bank of N.Y. Mellon v Del Rio, 233 AD3d 529, 532 [1st Dept 2024]).
Finally, plaintiff identifies no contractual provision that entitles it either to de-accelerate the loan by discontinuing a foreclosure action or to reset the statute of limitations once it already expired (see Article 13 LLC, 2025 NY Slip Op 06536,*4 - 5; Bank of N.Y. Mellon, 233 AD3d at 532). Therefore, plaintiff has not established that FAPA abridges any of its contractual rights, or violates the Contracts Clause of the Federal or State Constitutions (Bank of N.Y. Mellon, 233 AD3d at 532).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 26, 2026